■ AMANDA VASQUEZ, Appellant, v CARLOS GONZALEZ et al., Defendants, and YVONNE REICHLER et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated April 10, 1987, which granted the respondents' motion for summary judgment dismissing the complaint as against them, and (2) an order of the same court dated May 14, 1987, which denied the plaintiff's motion to "reargue and renew".

Ordered that the appeal from the order dated May 14, 1987 is dismissed; and it is further,

Ordered that the order dated April 10, 1987 is reversed insofar as appealed from, on the law, with costs, and the respondents' motion for summary judgment dismissing the complaint as against them is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The instant case arises from a three-automobile collision in the early morning hours of September 4, 1984. The plaintiff, who allegedly suffered personal injuries, was a passenger in a vehicle driven by the defendant Gonzalez when it struck the rear end of the vehicle driven by the respondent Sheri Reichler and owned by the respondent Yvonne Reichler. The Reich-

ler vehicle had stopped at an intersection while the light was green. The defendant Carabello then struck the rear of the defendant Gonzalez's vehicle while it was stationary following the first collision.

The respondents moved for summary judgment dismissing the complaint and all cross claims against them. The respondent driver, Sheri Reichler, testified in her pretrial deposition that she had stopped to avoid an unidentified driver who had been traveling ahead of her in the extreme left lane of a six-lane road when he made a left U-turn. The plaintiff stated in her pretrial deposition that she had not seen the unidentified vehicle or the Reichler vehicle prior to the collision. The defendant Gonzalez stated that he had seen the Reichler vehicle stopped at the intersection prior to the collision. By order dated April 10, 1987, the Supreme Court, Queens County (Lonschein, J.), granted the respondents' motion dismissing the complaint as against them.

We note that the plaintiff's subsequent motion, although denominated as one to "renew and argue" the respondents' motion for summary judgment, was in fact solely a motion to reargue. Since no appeal lies from an order denying reargument, the appeal from the order dated May 14, 1987 has been dismissed.

We find that the respondents failed to sustain their burden of demonstrating, as a matter of law, that there was no issue of fact as to whether they were guilty of negligence in having stopped suddenly. The respondents' failure to sustain their burden of proof "required denial of [their] motion * * * regardless of the sufficiency of the opposing papers" *(1014 Fifth Ave. Realty Corp. v Manhattan Realty Co.,* 67 NY2d 718, 720). Here the respondent driver's self-serving testimony that she did not jam her brakes but "applied a fair amount of pressure" to avoid the vehicle preceding her, which was turning left, did not sustain her burden of proof. The reasons why the respondent driver found it was necessary to come to a stop to avoid this unidentified vehicle are facts exclusively within her knowledge. "[W]here knowledge is a key fact at issue, and peculiarly within the possession of the movant himself, summary judgment will ordinarily be denied" *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262). Whether Sheri Reichler was negligent in failing to simply move to the right to avoid this vehicle, or whether she was traveling too close to the vehicle preceding her, necessitating her to stop suddenly, are questions of fact for the jury in deciding the degree of fault for the

plaintiff's injuries, if any, attributable to her. Kooper, J. P., Sullivan and Harwood, JJ., concur.

Balletta, J., concurs in part and dissents in part and votes to dismiss the appeal from the order dated May 14, 1987, and to affirm the order dated April 10, 1987, with the following memorandum: The majority takes the position that a question of fact exists with respect to the respondents' negligence. I disagree and vote to affirm the order of Justice Lonschein, which granted the respondents' motion for summary judgment dismissing the complaint as against them.

Without disputing the principle that negligence cases, by their very nature, do not customarily lend themselves to summary judgment resolutions *(see, Ugarizza v Schmieder,* 46 NY2d 471, 475-476), in the instant case the plaintiff has failed to come forward with proof in admissible form that the respondent Sheri Reichler stopped suddenly *(Zuckerman v City of New York,* 49 NY2d 557). Neither the codefendants nor the plaintiff saw Reichler stop suddenly and the plaintiff's allegations of negligence are unsupported by depositions or affidavits by persons with actual knowledge as to either the suddenness of Reichler's stop or the falsity of her version of how she was obliged to brake to avoid the unidentified turning vehicle. "[T]he court may not ordinarily weigh the credibility of the affiants unless untruths are clearly apparent" *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262). Therefore, as Reichler's version is undisputed by any acceptable evidence, no triable issues of fact are raised as to her negligence and the court correctly dismissed the plaintiff's complaint as against the respondents.