■ ZACHARY BRUSCELLA et al., Respondents, v DAVID ABBONDONDOLO, Defendant, and JOSEPH INTRAVIA et al., Appellants. [705 NYS2d 279] —In an action to recover damages for personal injuries, etc., the defendants Joseph Intravia and Denise Intravia appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated September 1, 1998, as, upon granting that branch of their motion which was, in effect, for reargument of an order of the same court dated March 20, 1998, adhered to so much of its prior determination as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them. The defendant Willow Ridge Homeowners Association separately appeals from so much of the same order, as upon, in effect, granting reargument of the order dated March 20, 1998, vacated so much of that order as granted its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and denied that cross motion.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately.

The Supreme Court properly denied the motion and cross motion for summary judgment. The infant plaintiff's conduct was not so extraordinary as to break any causal nexus between his injuries and any alleged negligence on the part of the appellants in failing to keep the road clear and free of debris. Moreover, the question of whether the infant plaintiff reasonably could have avoided the accident is one for the finder of fact in deciding the degree of fault in the happening of the accident (*see, Vasquez v Gonzalez,* 143 AD2d 413; *Gargano v*

*Hanington,* 40 AD2d 675). Joy, J. P., Goldstein and Feuerstein, JJ., concur.

McGinity, J., dissents and votes to reverse the order insofar as appealed from, on the law, and to dismiss the complaint and cross claims insofar. as asserted against the defendants Joseph Intravia, Denise Intravia, and Willow Ridge Homeowners Association with the following memorandum: It is undisputed that on June 23, 1994, the infant plaintiff, then 14 years old, was riding his bicycle while carrying books. It is also undisputed that the bicycle was equipped with a hand brake on the right handle, and the infant plaintiff was steering the bicycle with his left hand. As the infant plaintiff was riding his bicycle west on Melody Lane and approaching Seabreeze Lane, a route he had traveled 20 to 25 times in the year prior to the accident, he moved into the middle of the road to avoid a tree branch protruding into the road from the Intravias' property. The infant plaintiff stated that once he got past the tree, it did not obstruct his vision. Beyond the tree, however, the road curved to the right, obstructing his full view of Melody Lane. As he continued riding in the middle of the road, he observed the vehicle operated by the defendant David Abbondondolo traveling east, approaching the intersection. Rather than steering to the right in an attempt to avoid Abbondondolo's vehicle, which had completely stopped, the infant plaintiff steered to the left. The record demonstrates, and the majority notes, that the infant plaintiff was unable to use his right hand brake because he was carrying books in that hand. The infant plaintiff then attempted to stop his bicycle by putting his feet down upon the road but was unable to do so, allegedly because of sand in the road. The infant plaintiff turned his bicycle to the left, striking Abbondondolo's vehicle.

In my view, the Intravias and Willow Ridge Homeowners Association are entitled to summary judgment dismissing the complaint and cross claims insofar as asserted against them. As the majority recognizes, it is well established that an intervening act may constitute a superseding cause and relieve a defendant of liability when the act is of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to the defendant (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562; *Kush v City of Buffalo,* 59 NY2d 26, 33). The infant plaintiff's operation of his bicycle while carrying books, which prevented him from utilizing the brake, was the sole proximate cause of the accident as a matter of law. The accident, moreover, occurred when the infant plaintiff's vision

was no longer obstructed by the tree. It is clear that neither the tree nor the condition of the road played any part in the happening of the accident. Under these circumstances, the Intravias and Willow Ridge Homeowners Association owed no duty to the infant plaintiff. Accordingly, the complaint should be dismissed as to those defendants.