■ ANANT SEWKARRAN et al., Appellants, v ANTHONY DeBELLIS et al., Respondents. [782 NYS2d 466]—

In an action, inter alia, for a declaration that the tax assessment method used by the defendants violates the Fair Housing Act (42 USC § 3601 *et seq.*), the plaintiffs appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered August 20, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the tax assessment method used by the defendants does not violate the Fair Housing Act.

The defendants' established their prima facie entitlement to summary judgment dismissing the first cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In response thereto, the plaintiffs, who relied on a report from a purported expert that lacked any probative value (*see Gedney v Atcosta*, 5 AD3d 542 [2004]), failed to raise a triable issue of fact. The plaintiffs could not rely on their own "self-serving testimony" (*Vasquez v Gonzalez*, 143 AD2d 413, 414 [1988]) at their depositions to rebut the defendants' prima facie showing of entitlement to summary judgment dismissing the second through fifth causes of action.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

Since this is, in part, a declaratory judgment action, the Supreme Court should have directed the entry of a judgment, inter alia, declaring that the tax assessment method used by the defendants does not violate the Fair Housing Act (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74

[1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.