■ AMPARO BOCANEGRA, Respondent, v VERIZON NEW YORK, INC., Appellant, and CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) [889 NYS2d 674]—

On December 27, 2002 the plaintiff allegedly sustained injuries when she tripped and fell while crossing a street in Queens. She commenced this action to recover damages for personal injuries against, among others, the defendant Verizon New York, Inc. (hereinafter Verizon). Verizon commenced a third-party action against its contractor, Corzo Contracting Company, Inc. (hereinafter Corzo), which performed conduit installation work for Verizon in the vicinity of the accident. Verizon then moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against

it, arguing, inter alia, that the evidence established that no work had been performed on its behalf at the precise location where the accident occurred. The Supreme Court denied those branches of Verizon's motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We affirm.

Verizon failed to demonstrate its prima facie entitlement to judgment as a matter of law by eliminating all triable issues of fact as to whether its contractor Corzo performed any work where the accident occurred (*see Lavaud v City of New York*, 45 AD3d 536 [2007]; *Johnston v City of New York*, 18 AD3d 712, 713 [2005]; *cf. Cohen v Schachter*, 51 AD3d 847, 848 [2008]). Accordingly, the Supreme Court properly denied those branches of Verizon's motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.