■ GERARD TERRELL, Respondent, v CITY OF NEW YORK et al., Respondents, and VERIZON NEW YORK, INC., Sued Herein as VERIZON, Respondent-Appellant and Third-Party Plainitff-Respondent-Appellant. CORZO CONTRACTING COMPANY, INC., Third-Party Defendant-Appellant-Respondent. (Action No. 1.) GERARD TERRELL, Respondent, v CORZO CONTRACTING COMPANY, INC., Appellant-Respondent, et al., Defendant. (Action No. 2.) [901 NYS2d 709]—

In two related actions to recover damages for personal injuries, which were joined for trial, Corzo Contracting Company, Inc., the third-party defendant in action No. 1 and a defendant in action No. 2, appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), entered April 28, 2009, as denied its motion for summary judgment dismissing the third-party complaint in action No. 1 and the complaint and all cross claims insofar as asserted against it in action No. 2, and the defendant/third-party plaintiff in action No. 1 cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, in the alternative, for summary judgment on the third-party complaint.

Ordered that the order is affirmed insofar as appealed and

cross-appealed from, with one bill of costs payable to the plaintiff.

On December 20, 2004, the plaintiff allegedly sustained injuries when he slipped and fell on a snow-covered depression while crossing a street in Queens. He commenced action No. 1 against, among others, Verizon, true name Verizon New York, Inc. (hereinafter Verizon), to recover damages for personal injuries. Verizon commenced a third-party action against its contractor, Corzo Contracting Company, Inc. (hereinafter Corzo), who had performed conduit replacement work for Verizon in the vicinity of the accident in November 2000. The plaintiff commenced action No. 2 asserting a direct claim against, among others, Corzo.

Verizon and Corzo failed to demonstrate their prima facie entitlements to judgment as a matter of law by eliminating all triable issues of fact as to whether Corzo performed any work where the accident occurred and, if so, whether Corzo created the depression in the roadway which allegedly caused the plaintiff to fall (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Bocanegra v Verizon N.Y., Inc.*, 68 AD3d 698 [2009]; *Bocanegra v City of New York*, 45 AD3d 797 [2007]; *Johnston v City of New York*, 18 AD3d 712 [2005]; *cf. Cohen v Schachter*, 51 AD3d 847, 848 [2008]). Moreover, Verizon failed to establish, prima facie, that it lacked the authority to control or supervise Corzo's work (*see Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 681 [2009]; *Domino v Professional Consulting, Inc.*, 57 AD3d 713, 715 [2008]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]; *Gatto v Turano*, 6 AD3d 390 [2004]). Accordingly, their separate motions for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them were properly denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Verizon also failed to establish its prima facie entitlement to judgment as a matter of law on its third-party cause of action for common-law indemnification against Corzo because there are triable issues of fact as to the negligence of Corzo and Verizon, if any (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807 [2009]; *Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]). Since Verizon is not entitled to indemnification at this juncture, it is not entitled to a defense provided by Corzo (*see George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]).

Verizon also failed to establish its prima facie entitlement to judgment as a matter of law on its third-party causes of action

as against Corzo for contractual indemnification and to recover damages for breach of contract for failure to procure insurance, since it failed to conclusively establish that the contract it relied upon was in effect on the date Corzo performed the subject work (*cf. Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]; *see Donnelly v Treeline Cos.*, 13 AD3d 143 [2004]; *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738 [2003]). Mastro, J.P., Leventhal, Belen and Roman, JJ., concur.