■ CHARLOTTE PALLOTTA, as Administrator of the Estate of CHRISTOPHER W. PALLOTTA, Deceased, Respondent-Appellant, v CITY OF NEW YORK, Respondent, V.N.A. UTILITY CONTRACTING, INC., Respondent-Appellant, and VERIZON NEW YORK, INC., Appellant-Respondent, et al., Defendants. (And a Third-Party Action.) [993 NYS2d 726]—

In an action to recover damages for personal injuries, (1) the defendant Verizon New York, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 12, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) the defendant V.N.A. Utility Contracting, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (3) the plaintiff cross-appeals from so much of the same order as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant City of New York, payable by the defendants Verizon New York, Inc., and V.N.A. Utility Contracting, Inc.

The plaintiff's decedent, Christopher W. Pallotta, was injured while driving his motorcycle on Amboy Road in Staten Island when the level of the road allegedly dropped as he reached the intersection of Amboy Road and Spratt Avenue and he drove over an area of "broken up" pavement, causing him to lose control of the motorcycle. Pallotta commenced this action against the City of New York (hereinafter the City), the New York City Department of Transportation (hereinafter the DOT), and Cofire Paving Corporation, which contracted with the City to perform road milling work in the vicinity of the accident site. Subsequently, in an amended complaint, Pallotta added as defendants Verizon New York, Inc. (hereinafter Verizon), which obtained permits from the City to install a conduit for telephone cable under the roadway along Amboy Road in the vicinity of the accident site, and V.N.A. Utility Contracting, Inc. (hereinafter VNA), which excavated trenches and installed the conduit pursuant to a contract with Verizon. Following Pallotta's death, the administrator of his estate was substituted as the plaintiff in this action.

Contrary to the contentions of Verizon and VNA, the Supreme Court properly denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Both Verizon and VNA failed to establish their prima facie entitlement to judgment as a matter of law, since their submissions on their respective motions did not demonstrate the absence of all material issues of fact regarding whether the decedent's operation of his motorcycle brought him into contact with the area of the roadway where Verizon and VNA had performed work, and whether the road work performed by Verizon and VNA created the condition that allegedly caused the accident (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Terrell v City of New York*, 74 AD3d 787, 788 [2010]; *Bocanegra v Verizon N.Y., Inc.*, 68 AD3d 698, 699 [2009]). Likewise, the Supreme Court properly denied that branch of VNA's motion which was for summary judgment dismissing Verizon's cross claim against it for contractual indemnification, as VNA failed to demonstrate, prima facie, that Verizon would not be entitled to indemnification under the terms of the applicable agreement.

The Supreme Court also properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by a defective condition in the roadway unless it either has received written notice of the defect or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]; *Pennamen v Town of Babylon*, 86 AD3d 599 [2011]). Recognized exceptions to the prior written notice requirement exist where the municipality has created the defect through its affirmative negligence, or where a special use of the property has conferred a special benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Braver v Village of Cedarhurst*, 94 AD3d at 934). Here, the City succeeded in establishing its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of a DOT employee, which indicated that she had conducted a search of the relevant records covering the period of two years prior to the date of the accident and had found no prior written notice of a defective condition corresponding to the condition alleged by the plaintiff. The City also submitted evidence establishing that it did not perform milling work in the area at the time of the decedent's accident. In opposition, the plaintiff failed to raise a triable issue of fact to warrant the denial of the

City's motion for summary judgment (*see generally Levy v City of New York*, 94 AD3d 1060 [2012]; *Rosenblum v City of New York*, 89 AD3d 439 [2011]; *Marshall v City of New York*, 52 AD3d 586 [2008]; *Lopez v Gonzalez*, 44 AD3d 1012 [2007]).

In view of the foregoing, we do not reach the parties' remaining contentions. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.