■ LARRY MORRIS, Respondent, v CITY OF NEW YORK, Respondent, KEYSPAN ENERGY DELIVERY NEW YORK et al., Appellants-Respondents, and JOSEPH L. BALKAN, INC., Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [38 NYS3d 574]—

In an action to recover damages for personal injuries, the defendants Keyspan Energy Delivery New York and The Hallen Construction Co., Inc., the defendant Consolidated Edison Company of New York, Inc., and the defendant Tri-Messine Construction Co. separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated December 4, 2013, as denied those branches of their respective motions which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and the defendant Joseph L. Balkan, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff and the defendant City of New York, payable by the defendants Keyspan Energy Delivery New York, The Hallen Construction Co., Inc., Consolidated Edison Company of New York, Inc., Tri-

Messine Construction Co., and Joseph L. Balkan, Inc., appearing separately and filing separate briefs.

The plaintiff allegedly was injured on May 7, 2004, when his bicycle struck a hole in the roadway in front of 1509 Park Place in Brooklyn. The plaintiff commenced this action against, among others, the City of New York; a sewer contractor, Joseph L. Balkan, Inc. (hereinafter Balkan); Keyspan Energy Delivery New York and its excavation contractor The Hallen Construction Co., Inc. (hereinafter together the Keyspan defendants); Consolidated Edison Company of New York, Inc. (hereinafter Con Ed); and Con Ed's paving contractor, Tri-Messine Construction Co. (hereinafter Tri-Messine). The Keyspan defendants, Con Ed, Balkan, and Tri-Messine (hereinafter collectively the moving defendants) separately moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The plaintiff and the City opposed the motions, and Balkan opposed the motion by the Keyspan defendants. By order dated December 4, 2013, the Supreme Court, inter alia, denied each of the motions.

A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Sand v City of New York*, 83 AD3d 923, 925 [2011]; *Cohen v Schachter*, 51 AD3d 847, 848 [2008]; *Cino v City of New York*, 49 AD3d 796, 797 [2008]; *Losito v City of New York*, 38 AD3d 854, 855 [2007]). Thus, in this case, each of the moving defendants had the burden of establishing that it did not perform any work on the portion of the roadway where the accident occurred or that it did not create the allegedly defective condition that caused the plaintiff's injuries (*see Sand v City of New York*, 83 AD3d at 925; *Hayes v DeMicco Bros., Inc.*, 34 AD3d 641, 642 [2006]; *Ingles v City of New York*, 309 AD2d 835, 836 [2003]).

Here, none of the moving defendants satisfied its prima facie burden of demonstrating that it did not perform any work where the accident occurred or create the allegedly dangerous condition that caused the plaintiff's accident (*see Pallotta v City of New York*, 121 AD3d 656, 657 [2014]; *Terrell v City of New York*, 74 AD3d 787, 788 [2010]; *Bocanegra v Verizon N.Y., Inc.*, 68 AD3d 698, 699 [2009]; *Lavaud v City of New York*, 45 AD3d 536 [2007]; *Losito v City of New York*, 38 AD3d at 855; *Hayes v DeMicco Bros., Inc.*, 34 AD3d at 642; *Johnston v City of New York*, 18 AD3d 712, 713 [2005]; *King v County of Nassau*, 262 AD2d 533 [1999]; *Finegold v Brooklyn Union Gas Co.*, 202 AD2d 469, 470 [1994]). In addition, the Keyspan defend-

ants failed to establish, prima facie, that the condition that caused the plaintiff's accident was open and obvious and not inherently dangerous (*see Casiano v St. Mary's Church*, 135 AD3d 685 [2016]; *Lazic v Trump Vil. Section 3, Inc.*, 134 AD3d 776 [2015]; *Barris v One Beard St., LLC*, 126 AD3d 831 [2015]; *Baron v 305-323 E. Shore Rd. Corp.*, 121 AD3d 826 [2014]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637 [2011]). Accordingly, none of the moving defendants was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.