Hasan v City of New York (2020 NY Slip Op 02615)





Hasan v City of New York


2020 NY Slip Op 02615


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-03316
 (Index No. 701875/18)

[*1]Kamrul Hasan, appellant, 
v
City of New York, et al., defendants, Broad Channel Volunteer Fire Department, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Christopher J. Soverow of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered January 30, 2019. The order denied, as premature, the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendant Daniel McIntyre.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendant Daniel McIntyre is granted.
On March 18, 2016, a vehicle operated by the defendant Daniel McIntyre and owned by the defendant Broad Channel Volunteer Fire Department struck the rear of a vehicle operated by the plaintiff. The plaintiff subsequently commenced this action against McIntyre, the Broad Channel Volunteer Fire Department, and others. The plaintiff moved for summary judgment on the issue of liability insofar as asserted against McIntyre. The Supreme Court denied the motion as premature. The plaintiff appeals.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a vehicle that is slowing down establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Montalvo v Cedeno, 170 AD3d 1166; Odetalla v Rodriguez, 165 AD3d 826).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability insofar as asserted against McIntyre by demonstrating that the plaintiff was attempting to make a right turn when his vehicle was struck in the rear by a vehicle operated by McIntyre (see Montalvo v Cedeno, 170 AD3d 1166; Odetalla v Rodriguez, 165 AD3d 826). In support of the motion, the plaintiff submitted, inter alia, a certified copy of a police accident report which contained McIntyre's admission that he took his eyes off the road for a second and struck the rear of the plaintiff's vehicle.
In opposition, McIntyre and the Broad Channel Volunteer Fire Department failed to provide a nonnegligent explanation for the collision (see Rodriguez v City of New York, 31 NY3d 312). Contrary to their contention, the plaintiff's motion was not premature (see CPLR 3212[f]). Further, their contention regarding the admissibility of the transcript of the plaintiff's hearing held pursuant to General Municipal Law § 50-h, raised for the first time on appeal, is not properly before this Court (see Lowe v Meacham Child Care & Learning Ctr., Inc., 74 AD3d 1029, 1030; Dima v Morrow St. Assoc., LLC, 31 AD3d 697).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against McIntyre.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court