Dolores v Grandpa's Bus Co., Inc. (2020 NY Slip Op 08037)





Dolores v Grandpa's Bus Co., Inc.


2020 NY Slip Op 08037


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-03386
 (Index No. 509539/18)

[*1]Cleotilde Dolores, respondent,
v
Grandpa's Bus Co., Inc., et al., appellants.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska, Frank J. Wenick, and Nicholas Vevante of counsel), for appellants.
Law Offices of Neil Kalra, P.C., Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated February 13, 2019. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a school bus she was operating was struck in the rear by a school bus owned by the defendant Grandpa's Bus Co., Inc., and operated by the defendant Samuel Bercy. The plaintiff moved for summary judgment on the issue of liability, submitting, inter alia, her own affidavit and a certified copy of the police accident report. By order dated February 13, 2019, the Supreme Court granted the plaintiff's motion. The defendants appeal.
A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989, 991). "'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Buchanan v Keller, 169 AD3d at 991).
Here, the plaintiff's submissions demonstrated that her bus was parked when it was struck from behind by the defendants' bus. Thus, the plaintiff established, prima facie, that Bercy's negligence was a proximate cause of the accident (see Rodriguez v City of New York, 31 NY3d 312; Sooklall v Morisseav-Lafague, 185 AD3d 1079; Perez v Persad, 183 AD3d 771, 772). The defendants submitted an affidavit from Bercy in opposition to the plaintiff's motion. Bercy averred that his bus was parked behind the plaintiff's bus and, as he "was maneuvering out from the parked [*2]position, the plaintiff suddenly and without warning moved her vehicle in a backward direction." Contrary to the defendants' contention, Bercy's statement in his affidavit, which contradicted his admission made immediately following the accident, as set forth in the police accident report, failed to raise a triable issue of fact as to whether he had a nonnegligent explanation for striking the rear of the plaintiff's bus (see Gelo v Meehan, 177 AD3d 707, 708; Kerolle v Nicholson, 172 AD3d 1187, 1188-1189; Odetalla v Rodriguez, 165 AD3d 826, 827; Ricci v Lo, 95 AD3d 859). The defendants' contention that the plaintiff's violation of Vehicle and Traffic Law § 1202(a)(1)(a) and 34 RCNY 4-08(f) was a proximate cause of the accident, raised for the first time on appeal, is not properly before this Court (see Hasan v City of New York, 183 AD3d 572, 574).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court