Halvatzis v Perrone (2021 NY Slip Op 06163)





Halvatzis v Perrone


2021 NY Slip Op 06163


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-12659
 (Index No. 705905/16)

[*1]Anita Halvatzis, appellant,
v
Joseph Perrone, et al., respondents.


Jonathan Silver, Kew Gardens, NY, for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (Peter Basil Skelos of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 4, 2018. The order, insofar as appealed from, upon renewal, vacated so much of an order of the same court entered April 13, 2017, as denied that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action and thereupon granted that branch of the prior motion.
ORDERED that the order entered October 4, 2018, is affirmed insofar as appealed from, with costs.
The plaintiff and Edward C. Montell (hereinafter the decedent) were domestic partners who resided together in Queens. The defendant Joan Perrone is the decedent's daughter, and the defendant Joseph Perrone is the decedent's son-in-law. The decedent died on March 19, 2015. Thereafter, the plaintiff commenced this action against the defendants, inter alia, to recover damages for conversion. In the complaint, the plaintiff alleged, among other things, that she and the decedent had removed $150,000 in cash from their jointly leased safe deposit box, which they maintained at a branch of their bank, and brought the cash to their home to keep, and that Joseph took the cash from their home and refused to return it to her or the decedent. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered April 13, 2017, the Supreme Court, among other things, denied that branch of the motion which was to dismiss the first cause of action, which alleged conversion against Joseph based upon Joseph's alleged removal of $150,000 in cash from the plaintiff's home. Joseph subsequently appealed from so much of the order entered April 13, 2017, as denied that branch of the defendants' motion which was to dismiss the first cause of action. In the respondent's brief submitted in that appeal, the plaintiff's counsel stated that Joseph "came into the house of [the plaintiff] and the [decedent] and walked out with $150,000 belonging to the [decedent]."
Subsequently, Joseph moved in the Supreme Court, inter alia, for leave to renew that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action on the ground that the plaintiff admitted in her respondent's brief that she had no possessory interest in the $150,000 in cash allegedly taken by Joseph from the home the plaintiff had [*2]shared with the decedent. In an order entered October 4, 2018, the court granted leave to renew and, upon renewal, granted that branch of the defendants' prior motion which was to dismiss the first cause of action. The plaintiff appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d 986, 988 [internal quotation marks omitted]). Where, as here, evidentiary material was submitted and considered on the motion to dismiss and the motion was not converted into one for summary judgment, "'the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (U.S. Bank N.A. v Herman, 174 AD3d 831, 832, quoting Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920 [internal quotation marks omitted]). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50).
"Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (id. at 50 [citations omitted]). "Admissions by counsel, as by any other agent, are admissible against a party provided that the statements had been made by the attorney while acting in his [or her] authorized capacity" (Bellino v Bellino Constr. Co., 75 AD2d 630, 630). "An informal judicial admission is evidence of the fact or facts admitted" (Rosales v Rivera, 176 AD3d 753, 755; see Toobian v Golzad, 193 AD3d 784, 785).
Here, the plaintiff's counsel admitted that the $150,000 in cash that Joseph allegedly took belonged to the decedent. This admission established that the plaintiff had no ownership or possessory interest in the $150,000 in cash and, consequently, that the plaintiff had no cause of action against Joseph to recover damages for conversion. Accordingly, upon renewal, the Supreme Court properly granted that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (see Dolores v Grandpa's Bus Co., Inc., 189 AD3d 1539, 1541).
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court