Gil v Manhattan Beer Distribs., LLC (2022 NY Slip Op 04537)

Gil v Manhattan Beer Distribs., LLC

2022 NY Slip Op 04537

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-02760
 (Index No. 506593/20)

[*1]Miguel Gil, appellant, 
v
Manhattan Beer Distributors, LLC, et al., respondents.

Souren A. Israelyan, New York, NY (Gevorg Karapetyan of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (John Sandercock of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 17, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On July 12, 2019, a vehicle owned by the defendant Manhattan Beer Distributors, LLC, and operated by defendant David Santiago struck the rear of a vehicle owned and operated by the plaintiff. On March 16, 2020, the plaintiff commenced this action against the defendants to recover damages for personal injuries. On December 14, 2020, the plaintiff moved for summary judgment on the issue of liability. In an order dated March 17, 2021, the Supreme Court denied the motion. The plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Hasan v City of New York, 183 AD3d 572, 573, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672). A rear-end collision with a vehicle that is stopped or slowing down establishes a prima facie case of negligence on the part of the operator of the of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Hasan v City of New York, 183 AD3d at 573; Montalvo v Cedeno, 170 AD3d 1166, 1167). "[A]n assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Perez v Persad, 183 AD3d 771, 772; see Brothers v Bartling, 130 AD3d 554, 556).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by averring that he had activated his right turn signal, had slowed to a speed of approximately five miles per hour, and was attempting to make a right turn when his vehicle was struck in the rear by the defendants' vehicle (see Newman v Apollo Tech Iron Work Corp., 188 AD3d 902, 903; Hasan v City of New York, 183 AD3d at 573).
In opposition, the defendants submitted an affidavit of the defendant driver in which he averred that the plaintiff's vehicle stopped short suddenly, causing the defendants' vehicle to collide with the plaintiff's vehicle. The defendants' assertion that it was the sudden stop of the plaintiff's vehicle which caused the accident was insufficient, in and of itself, to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the rear-end collision (see Perez v Persad, 183 AD3d at 772; Brothers v Bartling, 130 AD3d at 556).
Contrary to the defendants' contention, the plaintiff's motion was not premature (see CPLR 3212[f]). The defendants failed to establish that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see Kerolle v Nicholson, 172 AD3d 1187, 1189; Williams v Spencer-Hall, 113 AD3d 759, 760).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court