Ismailova-Aronov v Elecnor Hawkeye, LLC (2024 NY Slip Op 05333)

Ismailova-Aronov v Elecnor Hawkeye, LLC

2024 NY Slip Op 05333

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-02755
 (Index No. 717626/20)

[*1]Syuzana Ismailova-Aronov, etc., respondent,
v
Elecnor Hawkeye, LLC, appellant, et al., defendants.

Eric D. Feldman, Melville, NY (David R. Holland of counsel), for appellant.
Tamma Law Firm, P.C., New York, NY (Eduard Tamma of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Elecnor Hawkeye, LLC, appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 4, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Elecnor Hawkeye, LLC, and denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, determining that the plaintiff's infant was comparatively negligent.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's infant allegedly was injured when the bicycle he was riding slipped on sand that was present in a bike lane located in Queens. Two days before the accident, the infant had seen the defendant Elecnor Hawkeye, LLC (hereinafter the defendant), dump sand onto that bike lane and the surrounding area. When he was walking through the accident area earlier on the day of his accident, the infant saw residual sand still on the roadway but saw no signs, barricades, or cones.
The plaintiff, individually and as mother and natural guardian of the infant, commenced this action against the defendant, among others, inter alia, to recover damages for the injuries the infant sustained in the accident. After conducting depositions, the plaintiff moved, among other things, for summary judgment on the issue of liability against the defendant. In support of the motion, the plaintiff submitted, inter alia, a transcript of the infant's General Municipal Law § 50-h hearing (hereinafter 50-h hearing) testimony and a transcript of the deposition testimony of Guy Romulus, a foreman employed by the defendant. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, determining that the infant was comparatively negligent. The defendant submitted a transcript of the infant's deposition testimony and photographs of the accident site.
In an order entered April 4, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant and denied the defendant's cross-motion. The defendant appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant and properly denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it. "'A contractor may be [held] liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk'" (Pizzolorusso v Metro Mech., LLC, 205 AD3d 748, 750, quoting Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1132). Here, the plaintiff made a prima facie showing of her entitlement to judgment as a matter of law on the issue of liability against the defendant by submitting the transcript of Romulus's deposition testimony, which demonstrated that the defendant had left sand behind at the accident area. In opposition, the defendant failed to raise a triable issue of fact as to whether it created or caused the allegedly dangerous condition that caused the infant's accident (see Pizzolorusso v Metro Mech., LLC, 205 AD3d at 750; Fornuto v County of Nassau, 149 AD3d 910, 911; Morris v City of New York, 143 AD3d 681, 682).
"Generally, whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury unless the defect is trivial as a matter of law" (Cardona-Torres v City of New York, 109 AD3d 862, 862-863 [internal quotation marks omitted]; see James v Newport Gardens, Inc., 70 AD3d 1002, 1003-1004). Here, the defendant failed to establish that the alleged defect was, "under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances [did] not increase the risks it pose[d]," such that it was trivial as a matter of law (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). Nor did the defendant establish that the alleged defective condition "was both open and obvious and, as a matter of law, was not inherently dangerous" (Everett v CMI Servs. Corp., 206 AD3d 620, 622 [internal quotation marks omitted]; see Morris v City of New York, 143 AD3d at 682-683). Furthermore, the defendant's contention regarding the admissibility of the transcript of the infant's 50-h hearing testimony, raised for the first time on appeal, is not properly before this Court (see Hasan v City of New York, 183 AD3d 572, 574; Wells Fargo Bank v Islam, 174 AD3d 670, 672; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335).
In addition, the Supreme Court properly denied that branch of the defendant's cross-motion which was for summary judgment determining that the infant was comparatively negligent (see Bruce v Takahata, 219 AD3d 448, 450; Ramirez v Wangdu, 195 AD3d 646, 647; see also Rodriguez v City of New York, 31 NY3d 312, 323). The transcripts of the infant's 50-h hearing and deposition testimony raised triable issues of fact as to whether the infant's actions contributed to the happening of the accident and thus did not eliminate all triable issues of fact as to whether he was free from comparative negligence. Specifically, the infant testified at his 50-h hearing that he had previously observed that sand was present in the bike lane, that the sand "covered all of the parking spots [and a] small portion of the bike lane," spanning "a little more than a foot," and that he saw the sand approximately 15 feet before his bicycle slipped. At his deposition, the infant testified that the sand covered most of the bike lane, spanning a distance of approximately 20 feet, but that he could not remember how far away he was when he saw the sand before slipping on it. This testimony was sufficient to raise a triable issue of fact as to whether the infant was at fault in the happening of the accident by failing to avoid the sand (see Bruscella v Abbondondolo, 270 AD2d 443, 443). Moreover, the fact that the infant may have had some fault in the happening of the accident does not preclude the defendant from incurring liability for any fault it had in causing the accident (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789-790; Flores v Rubenstein, 175 AD3d 1490, 1491; McFadden v Bruno, 37 AD3d 177, 177).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant and properly denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, determining that the plaintiff's infant was comparatively negligent.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court