■ EDWARD INGLES et al., Respondents, v CITY OF NEW YORK et al., Defendants, and COPAT CONSTRUCTION CORP. et al., Appellants. (And Other Actions.) [766 NYS2d 80] —In an action to recover damages for personal injuries, etc., the defendants Copat Construction Corp., Trinity Communications Corp., and Copat Construction, doing business as Trinity Communications Corp., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated July 16, 2002, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the cross motion of the defendants Copat Construction Corp., Trinity Communications Corp., and Copat Construction, doing business as Trinity Communications Corp. (hereinafter the appellants) which was for summary judgment dismissing the complaint insofar as asserted against them. Contrary to the appellants' contention, the plaintiffs' action against them is not barred by the Rules of the City of New York (*see* 34 RCNY § 2-11 [e] [16] [ii]) (hereinafter the Rules). The Rules do not limit a contractor's common-law liability for affirmative acts of negligence which result in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.,* 301 NY 202 [1950]; *Levine v Zarabi,* 243 AD2d 448 [1997]; *Giordano v Seeyle, Stevenson & Knight,* 216 AD2d 439 [1995]; *Gurriell v Town of Huntington,* 129 AD2d 768 [1987]).

Furthermore, the appellants failed to make a prima facie showing that they were not negligent in performing road work at the accident site (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), and the plaintiffs raised an issue of fact as to whether the accident was proximately caused by the work performed by the appellants rather than by the road work performed in the area by other entities (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

The appellants' remaining contentions are without merit. Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.