■ ALVESTER HAYES, Respondent, v DEMICCO BROTHERS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and CITY OF NEW YORK, Respondent. SOUNDSHORE CONSTRUCTION, INC., Third-Party Defendant-Appellant. [825 NYS2d 116]—

In an action to recover damages for personal injuries, the defendant third-party defendant second third-party defendant, Soundshore Construction, Inc., appeals (1) from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated May 3, 2005, as denied its motion for summary judgment dismissing the complaint, all cross claims insofar as asserted against it, the third-party complaint, and the second third-party complaint, and (2) from so much of an order of the same court dated October 21, 2005, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 3, 2005 is dismissed, as that order was superseded by the order dated October 21, 2005 made upon reargument; and it is further,

Ordered that the order dated October 21, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

On September 17, 2001 the plaintiff was injured when he fell while riding his bicycle over a "hole" or "depression" in the roadway in the vicinity of the intersection of 115th Road and Sutphin Boulevard in Queens.

Before the plaintiff's accident, the defendant second third-party plaintiff, HHM Associates, Inc. (hereinafter HHM), was the general contractor for the defendant City of New York in a

roadway reconstruction project near the intersection. The defendant third-party plaintiff, DeMicco Brothers, Inc. (hereinafter DeMicco), was the general contractor of a similar reconstruction project with the City which was also near the intersection during the same time. The respective work areas of HHM and DeMicco were adjacent to each other and may have overlapped. DeMicco subcontracted with the defendant third-party defendant second third-party defendant, Soundshore Construction, Inc. (hereinafter Soundshore), to perform asphalt paving near the intersection and Soundshore completed its work on July 13, 2001.

A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Ingles v City of New York, 309 AD2d 835 [2003]; Giordano v Seeyle, Stevenson & Knight, 216 AD2d 439, 440 [1995]; see also Brown v Welsbach Corp., 301 NY 202 [1950]). Soundshore failed to demonstrate a prima facie entitlement to summary judgment. The mere fact that Soundshore completed its paving work slightly more than two months before the plaintiff's accident was insufficient to establish that it did not create the allegedly dangerous condition which caused the plaintiff's accident (see e.g. Tobias v DiFazio Elec., 288 AD2d 209, 210 [2001]; King v County of Nassau, 262 AD2d 533 [1999]). Accordingly, the Supreme Court properly denied Soundshore's motion for summary judgment dismissing the complaint, all cross claims insofar as asserted against it, the third-party complaint, and the second third-party complaint. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.