Malayeva v City of New York (2020 NY Slip Op 01154)





Malayeva v City of New York


2020 NY Slip Op 01154


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-04878
 (Index No. 4024/12)

[*1]Emilya Malayeva, plaintiff-appellant, 
v
City of New York, et al., defendants, Consolidated Edison Company of New York, Inc., defendant third-party plaintiff- respondent-respondent, Tri-Messine Construction Company, Inc., defendant-third-party defendant- respondent, MECC Contacting, Inc., defendant third- party defendant-respondent-appellant.


Serhiy Hoshovsky, New York, NY, for plaintiff-appellant.
Keith J. Conway, Melville, NY (Jerry Christoforatos of counsel), for defendant third-
party defendant-respondent-appellant.
Nadine Rivellese, New York, NY (Stephen T. Brewi of counsel), for defendant third-party plaintiff-respondent-respondent.
Goldberg Segalla, LLP, New York, NY (Stewart G. Milch of counsel), for defendant-third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant MECC Contracting, Inc., separately appeals, from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered March 31, 2017. The order, insofar as appealed from by the plaintiff, granted the separate motions of the defendants MECC Contracting, Inc., Tri-Messine Construction Company, Inc., and Consolidated Edison Company of New York, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them. The order, insofar as appealed from by the defendant MECC Contracting, Inc., granted the application of Consolidated Edison Company of New York, Inc., in effect, for summary judgment on its third-party cause of action for indemnification to recover the attorney's fees and costs it incurred in the defense of this action insofar as asserted against MECC Contracting, Inc.
ORDERED that the notice of appeal of the defendant MECC Contracting, Inc., is deemed an application for leave to appeal from so much of the order as granted the application of Consolidated Edison Company of New York, Inc., in effect, for summary judgment on its third-party cause of action for indemnification to recover the attorney's fees and costs it incurred in the defense of this action insofar as asserted against MECC Contracting, Inc., and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, the separate motions of the defendants MECC Contracting, [*2]Inc., Tri-Messine Construction Company, Inc., and Consolidated Edison Company of New York, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and the application of Consolidated Edison Company of New York, Inc., in effect, for summary judgment on its third-party cause of action for indemnification to recover the attorney's fees and costs it incurred in the defense of this action insofar as asserted against MECC Contracting, Inc., are denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants MECC Contracting, Inc., Tri-Messine Construction Company, Inc., and Consolidated Edison Company of New York, Inc., and one bill of costs is awarded to the defendant MECC Contracting, Inc., payable by the defendant Consolidated Edison Company of New York, Inc.
The plaintiff alleged that she was injured on February 20, 2011, when she tripped and fell near the intersection of 63rd Avenue and 108th Street in Queens. The plaintiff commenced this action against, among others, an excavating contractor, MECC Contracting, Inc. (hereinafter MECC); Consolidated Edison Company of New York, Inc. (hereinafter Con Ed); and Con Ed's paving contractor, Tri-Messine Construction Company, Inc. (hereinafter Tri-Messine). The plaintiff alleged that MECC and Tri-Messine performed street opening and restoration work on behalf of Con Ed at the location where she tripped and fell. Con Ed commenced a third-party action against MECC and Tri-Messine, seeking indemnification and alleging breach of contract and negligence.
MECC, Tri-Messine, and Con Ed separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. During the course of this motion practice, in an attorney affirmation submitted in partial opposition to MECC's motion for summary judgment, Con Ed argued, in effect, that it was also entitled to summary judgment on its third-party cause of action for indemnification to recover the attorney's fees and costs it incurred in the defense of this action. In the order appealed from, the Supreme Court granted the separate motions of MECC, Tri-Messine, and Con Ed for summary judgment dismissing the complaint insofar as asserted against each of them, and granted Con Ed's application, in effect, for summary judgment on its third-party cause of action for indemnification to recover the attorney's fees and costs it incurred in the defense of this action insofar as asserted against MECC. We reverse the order insofar as appealed from.
A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street (see Brown v Welsbach Corp., 301 NY 202, 205; Sand v City of New York, 83 AD3d 923, 925; Cohen v Schachter, 51 AD3d 847, 848; Cino v City of New York, 49 AD3d 796, 797; Losito v City of New York, 38 AD3d 854, 855). On a motion for summary judgment, such a defendant may sustain its burden by establishing that it did not perform any work on the portion of the roadway where the accident occurred or that it did not otherwise create the allegedly defective condition which caused the plaintiff's injuries (see Sand v City of New York, 83 AD3d at 925; Hayes v DeMicco Bros., Inc., 34 AD3d 641, 642; Ingles v City of New York, 309 AD2d 835, 836).
Here, the movants failed to satisfy their prima facie burden. The movants failed to demonstrate that they did not perform any work where the accident occurred or create the allegedly dangerous condition which caused the plaintiff's accident (see Pallotta v City of New York, 121 AD3d 656, 657; Lavaud v City of New York, 45 AD3d 536; Losito v City of New York, 38 AD3d at 855; Hayes v DeMicco Bros., Inc., 34 AD3d at 642; Johnston v City of New York, 18 AD3d 712, 713). Notably, the Supreme Court erroneously concluded that the restoration work was performed 78 feet away from the site of the plaintiff's alleged fall. The court's conclusion is not supported by any of the parties' submissions. The movants' failure to make a prima facie showing requires the denial of each of their separate motions, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Furthermore, the Supreme Court should not have granted Con Ed's application for summary judgment on its cause of action for indemnification. Although "courts retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215" (Fried v [*3]Jacob Holding, Inc., 110 AD3d 56, 65), under the circumstances presented here, the court improvidently exercised its discretion in entertaining the merits of Con Ed's application which was, in effect, for summary judgment on its third-party cause of action for indemnification to recover the attorney's fees and costs it incurred in the defense of this action (see generally Matter of Garvey v Sullivan, 166 AD3d 771, 773).
In light of the foregoing, we need not reach the plaintiff's remaining contention.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court