Downing v J. Anthony Enters., Inc. (2020 NY Slip Op 08038)





Downing v J. Anthony Enters., Inc.


2020 NY Slip Op 08038


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03148
 (Index No. 10627/14)

[*1]Henry J. Downing, appellant,
v J. Anthony Enterprises, Inc., et al., respondents, et al., defendants.


Louis J. Cerrato, P.C., Garden City South, NY, for appellant.
Law Office of Charles H. Harms, Jr., Garden City, NY (James R. Pieret of counsel), for respondent J. Anthony Enterprises, Inc.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brian W. McElhenny of counsel), for respondent Village of Port Washington North.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated January 22, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendants J. Anthony Enterprises, Inc., and Village of Port Washington North which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants J. Anthony Enterprises, Inc., and Village of Port Washington North which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On October 12, 2013, at approximately 5:00 a.m., the plaintiff allegedly tripped in a hole in the crosswalk at the intersection of Manhasset Avenue and Shore Road. The plaintiff commenced this action in November 2015 against the defendants Village of Port Washington North (hereinafter Port Washington North), J. Anthony Enterprises, Inc. (hereinafter J. Anthony), and others. The plaintiff does not dispute that Port Washington North did not receive prior written notice of the alleged roadway defect. Moreover, it is not disputed that the subject intersection was not within the geographical boundaries of Port Washington North; Manhasset Avenue was owned by the defendant Incorporated Village of Manorhaven, and Shore Road was owned by the defendant County of Nassau. The parties also agree that Port Washington North contracted with J. Anthony, a contractor, for streetscape renovations and improvements at the subject intersection, including replacement of the asphalt at the crosswalk. The road work was completed on or about July 8, 2013, approximately three months before the accident.
Port Washington North and J. Anthony separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated January 22, 2019, the Supreme Court, among other things, granted the motions. The plaintiff appeals.
A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Losito v City of New York, 38 AD3d 854; Kleeberg v City of New York, 305 AD2d 549, 550). Thus, in moving for summary judgment, J. Anthony had the burden of establishing, prima facie, that it did not perform any work on the portion of the roadway where the accident occurred or that it did not create the allegedly defective condition that caused the plaintiff's injuries (see Sand v City of New York, 83 AD3d 923, 925; Hayes v DeMicco Bros., Inc., 34 AD3d 641, 642; Ingles v City of New York, 309 AD2d 835, 836). However, J. Anthony failed to satisfy its burden (see Pallotta v City of New York, 121 AD3d 656; Terrell v City of New York, 74 AD3d 787; Cabrera v City of New York, 21 AD3d 1047). The failure to do so requires the denial of that branch of J. Anthony's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Port Washington North moved for summary judgment on the ground, inter alia, that it had not received prior written notice of the alleged defect which caused the plaintiff's injuries. Section 143-22 of Port Washington North's Village Code (hereinafter Village Code) provides that, "[p]ursuant to Article 6, § 6-628 of the New York State Village Law, no civil action shall be maintained against the Village for damages or injuries to persons . . . sustained in consequence of any street, . . . sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed . . . unless written notice of the defective, unsafe, dangerous or obstructed condition . . . was actually given to the Village Clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or to cause the snow or ice to be removed, or to make the place otherwise safe." Yet Village Code § 143-23 defines a "street" as a "road . . . within the Village more than 20 feet in width," and defines "Village" as the "Village of Port Washington North." Prior written notice provisions, "enacted in derogation of common law, are always strictly construed" (Gorman v Town of Huntington, 12 NY3d 275, 279 [internal quotation marks omitted]). Since the prior written notice provision specifically limits the notice requirement to "street[s]" located "within the Village" (Village Code §§ 143-23, 143-22), this provision is not applicable to the facts here, as the location of the accident was not within Port Washington North. Moreover, Port Washington North failed to meet its prima facie burden of eliminating all triable issues of fact regarding its role in creating the allegedly defective condition (see Clark v City of New York, 43 AD3d 419). Accordingly, the Supreme Court should have denied that branch of Port Washington North's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court