**Morgan v Holly St. Holding Corp.**

2022 NY Slip Op 34844(U)

February 24, 2022

Supreme Court, Kings County

Docket Number: Index No. 515094/2018

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 73 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at Civic
Center, Brooklyn, New York, on the 24th day of
February, 2022.

PRESENT:

HON. PETER P. SWEENEY,

Justice.

---------------------------------------------X

JOHNNIE MORGAN,

Plaintiff,

- against -

Index No. 515094/2018

HOLLY STREET HOLDING CORP., NOLA GENERAL
CONTRACTING, INC., NEW YORK PAVING INC.,
NATIONAL GRID GROUP PLC, NATIONAL GRID PLC,
STASI BROTHERS ASPHALT CORP.,

Defendants.

---------------------------------------------X

HOLLY STREET HOLDING CORP.,

Third-Party Plaintiff,

- against –

NOLA GENERAL CONTRACTING, INC., NEW YORK
PAVING, INC., NATIONAL GRID GROUP, PLC,
NATIONAL GRID, NATIONAL GRID, PLC, STASI
BROTHERS ASPHALT CORP., JOHN DOE 1-10
(fictious persons), ABC CORP. 1-10 (fictitious
entities),

Third-Party Defendants,

---------------------------------------------X

HOLLY STREET HOLDING CORP.,

Second Third-Party Plaintiff,

- against –

HALLEN CONTRACTING CORPORATION,

Second Third-Party Defendant,

---------------------------------------------X

1 of 26

```
---------------------------------X
```
HOLLY STREET HOLDING CORP.,

           Third Third-Party Plaintiff,

    - against --

LEMAZIA CONSTRUCTION, INC.,

           Third Third-Party Defendant,

```
-----------------------------------X
```
HOLLY STREET HOLDING CORP.,

           Fourth Third-Party Plaintiff,

    - against —

LUIS AND SON CONTRACTOR AND POWER CONCRETE Co.,INC.

           Fourth Third-Party Defendants,

```
------------------------------------X
```
HOLLY STREET HOLDING CORP.,

           Fifth Third-Party Plaintiff,

    - against —

POWER CONCRETE Co., INC.

           Fifth Third-Party Defendant.

```
------------------------------------X
```

The following e-filed papers read herein:

NYSCEF Doc Nos.

| | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) | 102-112; 140-164; 208-239; 253-255; 276-284 |
| Opposing Affidavits (Affirmations) | 115-118, 119-122; 308-310; 285-295 |
| Reply Affidavits (Affirmations) | 123 |

2

Upon the foregoing papers in this personal injury action, defendant/third-party defendant Stasi Brothers Asphalt Corp. (Stasi Brothers) moves (in motion sequence number [mot. seq. no.] 4) for an order, pursuant to CPLR 3212, granting summary judgment dismissing the action and any cross claims against it. Plaintiff Johnnie Morgan (Mr. Morgan) moves (in mot. seq. no. 5) for an order, pursuant to CPLR 3212, granting him partial summary judgment on the issue of liability as against defendant/third-party plaintiff/second, third, fourth and fifth third-party plaintiff Holly Street Holding Corp. (Holly Street). Holly Street cross-moves (in mot. seq. no. 7) for an order, pursuant to CPLR 3212, granting it summary judgment and dismissing the action against it. Second third-party defendant Hallen Contracting Corporation (Hallen) moves (in mot. seq. no. 8) for an order, pursuant to CPLR 3211 and 3404, dismissing Mr. Morgan's amended complaint. Mr. Morgan cross-moves (in mot. seq. no. 10) for an order, pursuant CPLR 3025 (b) and 203 (f), granting him leave to amend his complaint to add Hallen as a direct defendant and deeming Mr. Morgan's amended complaint timely filed and served *nunc pro tunc*.

## Background

At 8:00 p.m. on January 2, 2018, Mr. Morgan was walking on the sidewalk adjacent to Liden Boulevard in Brooklyn, New York, when he approached a restaurant located at 2526 Linden Boulevard (the Premises). Holly Street is the owner of the Premises. As Mr. Morgan turned into the parking lot of the Premises, he allegedly tripped and fell on an uneven lift between the sidewalk and parking lot (the Incident). As a consequence of the Incident, Mr. Morgan alleges he suffered various injuries.

3

[* 3]

Mr. Morgan thereafter commenced the instant lawsuit with the filing of the summons and verified complaint on July 24, 2018 against Holly Street, asserting a negligence cause of action. Holly Street appeared with a verified answer asserting general denials to the substantive allegations and raising numerous affirmative defenses. On September 25, 2019, Holly Street commenced its first third-party action. Shortly thereafter, on October 7, 2019, Holly Street filed an amended third-party complaint, asserting claims for negligence, failing to procure insurance, contribution, and indemnification against third-party defendants Nola General Contracting, Inc. (Nola), New York Paving, Inc. (NY Paving), NationalGrid [sic], National Grid Group, PLC, National Grid, PLC (collectively, National Grid), and Stasi Brothers. Holly Street alleges that prior to the Incident, these third-party defendants excavated, repaired, resurfaced, ramped, patched, or otherwise altered the area where the Incident allegedly occurred. On October 10, 2019, Mr. Morgan amended his complaint, adding Nola, NY Paving, National Grid Group, PLC, National Grid, PLC, and Stasi Brothers as first-party defendants and asserting negligence causes of action against each.

NY Paving appeared in the action with service of an answer to the amended third-party complaint on October 21, 2019, and an answer to the amended complaint on October 22, 2019. On November 8, 2019, Stasi Brothers served an answer to the amended third-party complaint, raising various affirmative defenses and asserting cross claims against Holly Streets, Nola, NY Paving, National Grid Group, PLC, National Grid, PLC, sounding in negligence and indemnification. Stasi Brothers then served an answer responding to Mr.

4

[* 4]

Morgan's amended complaint, asserting general denials, affirmative defenses, and cross claims against Holly Streets, Nola, NY Paving, National Grid Group PLC, National Grid PLC, sounding in negligence, contribution, and indemnification.

On January 2, 2020, National Grid served an answer to the amended third-party complaint and pleaded cross claims and counterclaims against Mr. Morgan, Holly Street, Nola, NY Paving, and Stasi Brothers sounding in negligence, breach of contract, contribution, and indemnification. The following day, on January 3, 2020, National Grid served its answer to the amended complaint, likewise pleading cross claims and counterclaims against Mr. Morgan, Holly Street, Nola, NY Paving, and Stasi Brothers sounding in negligence, breach of contract, contribution, and indemnification.[1] On May 26, 2020, Nola served its answer to the amended third-party complaint and pleaded cross claims sounding in negligence and contribution against NY Paving, National Grid Group, PLC, National Grid, PLC, and Stasi Brothers. On May 27, 2020, Nola filed its answer to the amended complaint also pleading cross claims sounding in negligence and contribution against NY Paving, National Grid Group, PLC, National Grid, PLC, and Stasi Brothers.

Thereafter, on April 23, 2021, Holly Street commenced a second third-party action with the filing of a summons and second third-party complaint against Hallen. Holly Street alleged Hallen excavated, repaired, resurfaced, ramped, patched, or otherwise altered the area where the Incident allegedly occurred and asserted causes of action for negligence,

---

[1] National Grid notes in its answers that its proper name is *The Brooklyn Union Gas Company* d/b/a National Grid NY.

5

[* 5]

failing to procure insurance, contribution, and indemnification against Hallen. On May 20, 2021, Holly Street commenced a third third-party action against third third-party defendant Lemazia Construction, Inc. (Lemazia) asserting the same allegations and causes of action as it did in it prior third-party actions.

On June 2, 2021, Hallen served an answer to Holly Street's second third-party complaint and asserted counterclaims against Holly Street for indemnification and negligence. On the same day, Stasi Brothers filed certain papers seeking to assert cross claims against Hallen and Lemazia for negligence and indemnification. Additionally, on June 2, 2021, Holly Street also commenced its fourth third-party action against fourth third-party defendant Luis and Son Contractor, asserting causes of action for negligence, failing to procure insurance, contribution, and indemnification. The following day, Holly Street filed an amended fourth third-party summons and complaint naming Power Concrete Co., Inc. as an additional fourth third-party defendant. Stasi Brothers again filed certain papers seeking to assert cross claims against fourth third-party defendant Power Concrete Co., Inc., for negligence and indemnification.

On July 1, 2021, Holly Street commenced a fifth third-party action, naming Power Concrete Co., Inc. as a fifth third-party defendant and pleading causes of action for negligence, failing to procure insurance, contribution, and indemnification. Following this, on July 16, 2021, Mr. Morgan filed a third amended complaint, naming Hallen and Power Concrete Co., Inc. as first-party defendants and asserting negligence causes of action

6

[* 6]

against each.[2] Nola, National Grid, and Stasi Brothers thereafter served answers to the third amended complaint on July 28, 2021, August 3, 2021, and August 12, 2021, respectively.

Stasi Brothers now moves, in mot. seq. no. 4, for summary judgment dismissing the action and any cross claims against it. Mr. Morgan moves, in mot. seq. no. 5, for partial summary judgment on the issue of liability with respect to Holly Street, and, in mot. seq. no. 10, for leave to amend his complaint to add Hallen as a direct defendant and deem the amended complaint filed on July 16, 2021, as timely filed and served *nunc pro tunc*. Holly Street moves, in mot. seq. no. 7, for summary judgment dismissing the action against it. Hallen moves, in mot. seq. no. 8, for dismissal of Mr. Morgan's amended complaint.

## Motion to Dismiss and Motion to Amend

### *The Parties' Positions*

Hallen seeks dismissal of Mr. Morgan's third amended complaint on the basis that the statute of limitations ran prior to the commencement of the action against it. Hallen argues that New York law requires personal injury actions be brought within three years of the alleged occurrence of the injury. It asserts that the third amended complaint alleges the Incident took place on January 2, 2018, thus Mr. Morgan was obligated to commence his action against it on or before January 2, 2021. Hallen proffers the third amended complaint and its accompanying affidavit of service, which demonstrates that the summons and third

---

[2] The record is devoid of any second amended complaint. Mr. Morgan filed the initial summons and complaint on July 24, 2018, a supplemental summons and amended complaint on October 10, 2019, and a supplemental summons and amended complaint on July 16, 2021.

[* 7]

amended complaint were not filed until July 16, 2021 and service of process was not effectuated until July 26, 2021. Hallen contends that the filing and service of the third amended complaint is well beyond the expiration of the three-year statute of limitations. Accordingly, Hallen maintains Mr. Morgan's action against it must be dismissed pursuant to the running of the statute of limitations. In addition, Hallen contends that should the court find the action was timely filed, it respectfully seeks an extension of time to serve responsive pleadings to the third amended complaint.

Mr. Morgan rejects Hallen's contentions that the action against it was commenced after the statute of limitations expired, and cross-moves for leave to amend the complaint to add Hallen as a first-party defendant. Mr. Morgan initially argues that his third amended complaint was timely served as the statute of limitations was tolled for a period of 228 days due to a series of Executive Orders issued by the former Governor of New York in response to the COVID-19 pandemic. He asserts that pursuant to these Executive Orders, the applicable statute of limitations did not expire until August 18, 2021, thereby rendering his action against Hallen timely.

Mr. Morgan also presents that despite the tolling statute of limitations and timeliness of the third amended complaint, the relation back doctrine equally protects the action against dismissal on the basis of statute of limitations. He highlights both procedural and case law supporting his contention that Hallen had timely notice of the occurrence of the Incident giving rise to the allegations asserted in the third amended complaint due to the fact that Holly Street's third-party action against Hallen was timely commenced. Therefore,

8

[* 8]

those claims presented by Mr. Morgan against Hallen are deemed interposed at the time of Holly Street's third-party action against Hallen. Finally, Mr. Morgan asserts Hallen will not be prejudiced by being named a first-party defendant in the action. Importantly, Hallen has not raised any potential prejudice and even seeks an extension of time to serve responsive pleadings. Accordingly, Mr. Morgan maintains that he is entitled to amend his complaint and that the previously served third amended complaint should be deemed timely served *nunc pro tunc*.

### Discussion

CPLR 3025 provides that "a party may amend his pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." CPLR 1009 augments this rule allowing further amended complaints where a defendant commences a third-party action. In such instances, a plaintiff may "amend his complaint without leave of court" within twenty days of service of the third-party complaint (CPLR 1009). However, absent these circumstances or stipulation by all parties, a plaintiff must seek leave from the court to amend his complaint (*see* CPLR 3025 [b]). "Leave to amend a pleading is to be freely given where . . . there is no showing of prejudice or surprise to the nonmoving party, and no showing that the proposed amendment is 'palpably insufficient as a matter of law' or 'totally devoid of merit' (*Consolidated Payroll Servs., Inc. v Berk*, 18 AD3d 415, 415 [2d Dept 2005], quoting *Ogivie v McDonal's Corp.*, 294 AD2d 550, 551 [2d Dept 2002] [internal citations omitted]).

9

[* 9]

"'A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences'" (*OneWest Bank N.A. v Muller*, 189 AD3d 853, 855 [2d Dept 2020], quoting CPLR 203 [f]). Where an amended complaint is served subsequent to the expiration of that statute of limitations, such action shall be deemed timely where the defendant has sufficient notice (*see generally Sally v Keyspan Energy Corp.*, 106 AD3d 894, 896-897 [2d Dept 2013]). "A plaintiff's direct claim against a third-party defendant, which is asserted in an amended complaint, relates back to the service of the third-party complaint . . . for the purposes of the Statute of Limitations, when the third-party complaint and the amended complaint are based upon the same transactions or occurrences" (*Schuler v Grand Metro Bldg. Corp.*, 118 AD2d 633, 635 [2d Dept 1986]; *see also Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477-478 [1985]; *Deputron v A & J Tours, Inc.*, 93 AD3d 629, 629-630 [2d Dept 2012]).

Actions seeking to recover damages for personal injuries must be commenced within three-years of the alleged occurrence causing the injury (CPLR 214 [5]). As a consequence of the COVID-19 global pandemic the former Governor of New York issued several Executive Orders tolling the statute of limitations from March 20, 2020 to November 3, 2020 (*see Brash v Richards*, 195 AD3d 582, 583-585 [2d Dept 2021]; *see also* Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9

10

NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]). "A toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite and . . . the period of the toll is excluded from the calculation of the time in which the plaintiff can commence an action" (*Bermudez Chavez v Occidental Chem. Corp.*, 35 NY3d 492, 505 n 8 [2020], *rearg denied sub nom. Chavez v Occidental Chem. Corp.*, 36 NY3d 962 [2021]).

Here, Mr. Morgan was required to seek leave from the court prior to serving his third amended pleading naming Hallen as an additional first-party defendant. Holly Street commenced a timely third-party action against Hallen on April 23, 2021, with service of process completed on April 26, 2021, requiring Mr. Morgan to amend his complaint on or before May 13, 2021, to amend his complaint without leave of the court. However, Mr. Morgan did not commence his action until July 16, 2021, and service of process on Hallen was not completed until July 26, 2021.

However, despite this delay seeking the instant relief, Mr. Morgan has demonstrated entitlement for leave to amend his complaint to name Hallen as a first-party defendant. His proposed amended pleading is not, on its face, palpably insufficient as a matter of law or totally devoid of merit. Further, as Holly Street's third-party action was timely commenced against Hallen, the relation back doctrine insulates Mr. Morgan's third-amended complaint from being time-barred, as Hallen had notice of potential claims against it with the service of the third-party complaint by Holly Street. Finally, Hallen presents no basis nor asserts any prejudice it may experience from being named a first-party defendant in the instant

11

[* 11]

action. Accordingly, Mr. Morgan's motion to amend the complaint (mot. seq. no. 10) is granted. The Third Amended Verified Complaint in the proposed form annexed to the moving papers (NYSCEF Doc No. 282) shall be deemed served upon the parties upon service of a copy of this order with a notice of entry. Hallen's motion (mot. seq. no. 8) is granted to the extent its time to answer the Third Amended Verified Complaint is extended to 21 days from such service of the order with notice of entry.

## Motions for Summary Judgment

### The Parties' Positions

### Stasi Brothers' Motion

Stasi Brothers argues that it is entitled to summary judgment dismissing the action against it, asserting that the proffered evidence establishes that, as a matter of law, it cannot be found liable for Mr. Morgan's alleged injuries. Supporting this contention, Stasi Brothers principally relies on the affidavit of Ms. Diane Posillico (Ms. Posillico). Ms. Posillico attests that in her capacity as Human Resources Manager for Stasi Brothers, she is responsible for maintaining office files and generating proposals and invoices. She avers that she performed both an electronic and paper search for projects the Stasi Brothers may have performed at the Premises, revealing two proposals *prepared for Holly Street, dated* July 2011 and March 2014. The July 2011 work proposal provided that the work to be performed was to "overlay cement with 2" NYS DOI asphalt. Power roll with 7 ton roller (approx. 3500 sq. f)" (NY St Cts Elec Filing [NYSCEF] Doc No. 112, Ms. Posillico aff at 6). The March 2014 work proposal provided that the work to be performed was to "saw

12

[* 12]

cut, remove old asphalt, install base as needed, install 2" NYS hot mix asphalt, compact inside lot 70' x 2'[,] Patch area inside lot in front of building[,] Mill side road 76' x 3'[,] sweep road clean[,] pave with 2" NYS type Asphalt[,] compact with 5-7 ton vibratory roller[,] liquid a/c edges" (*id.* at 8). She attests that her search revealed no further documents concerning Stasi Brothers and the Premises. Based upon the absence of any additional documents, specifically the absence of work orders, invoices, and payment records, Ms. Posillico concluded that Stasi Brothers did not perform any work at the Premises. Ms. Posillico also averred that she interviewed the work foreman who confirmed that no work was performed at the subject location.

Stasi Brothers maintains that Ms. Posillico's affidavit and the proffered proposals demonstrate that it never performed any maintenance work, repair work, or any other services at the Premises which would result in it creating the alleged defect. Accordingly, Stasi Brothers insists that it demonstrated its entitlement to summary judgement dismissing the action against it.

In opposition, Mr. Morgan argues that the evidence presented is insufficient to demonstrate Stasi Brothers' entitlement to accelerated judgment and contends that the motion is premature as substantial discovery remains outstanding in the action. Mr. Morgan asserts that Ms. Posillico's affidavit is insufficient to demonstrate Stasi Brothers' prima facie case as it is conclusory, self-serving, and relies on hearsay evidence. Mr. Morgan specifically contends that he must be afforded the opportunity to depose and learn the identity of the work foreman referenced by Ms. Posillico. Additionally, Mr. Morgan

13

reasons that as Ms. Posillico's search revealed two work proposals concerning overlaying cement and removing old asphalt at the Premises, the existence of such work proposals suggests that Stasi Brothers may have performed work at the Premises which created the defect causing his injuries. Mr. Morgan accordingly argues that since he has not had the opportunity to depose Stasi Brothers or perform other substantive discovery concerning Stasi Brothers' alleged involvement in sidewalk repairs at the Premises, the motion must be denied pending further discovery.

Holly Street likewise opposes Stasi Brothers' motion, asserting substantially similar arguments as Mr. Morgan. Holly Street also proffered the affidavit of its President, Frank Lapetina. Mr. Lapetina attests that Holly Street accepted the March 2014 work proposal, which was for work to be completed for driveway work. He avers that Stasi Brothers completed the work and accepted cash payment for it. Holly Street accordingly maintains that Mr. Lapetina's affidavit creates questions of fact as to whether Stasi Brothers' work created the allege defect, preventing entry of summary judgment in favor of Stasi Brothers.

In reply, Stasi Brothers rejects the arguments presented by Mr. Morgan and Holly Street. It contends that its proffered evidence is sufficient to establish its prima facie case and that precedent supports its position that the lack of records is admissible evidence demonstrating that an alleged fact or event did not occur. Stasi Brothers also advances that the affidavit of Mr. Lapetina is inadmissible and should not be given any evidentiary weight as it is conclusory and fails to reference or exhibit any supporting documentary evidence establishing his claims that Stasi Brothers performed work at the Premises. Finally, Stasi

14

Brothers maintain that the action is ripe for summary judgement as to its liability and that Mr. Morgan failed to offer any evidentiary basis supporting his assertions that further discovery is required or that it would lead to relevant evidence defeating Stasi Brothers' defense. Accordingly, Stasi Brothers urges the court to grant summary judgment in its favor.

**Mr. Morgan and Holly Street's Motions**

Mr. Morgan argues that he is entitled to summary judgment on the issue of liability as against Holly Street. Supporting his position, Mr. Morgan submits his deposition testimony, a personal affidavit, images of the accident location, and the affidavit of his engineering expert, Anthony Pici, P.E. Mr. Morgan contends that his deposition and affidavit establish that the Incident occurred at the Premises and was caused by an uneven section of asphalt between the sidewalk and driveway. During his deposition, Mr. Morgan specifically testified that he "was walking to come into the parking lot to make that turn to go in and I tripped and fell" (Mr. Morgan tr at 46, lines 23-25). He averred in his affidavit that "I looked at the 'bump' on the sidewalk where I tripped after I had fallen down to the ground. The bump was over an inch high" (Mr. Morgan aff at ¶ 8). He maintains that certain Google Map images depicting the subject location demonstrate that the defective condition existed since September 2013. He asserts that as the defective condition was apparent and visible in these images, that it establishes the defect has existed since September 2013, thereby providing Holly Street with constructive notice of the defect, obligating it to remedy it.

15

Mr. Morgan also submits Mr. Pici's expert affidavit which concludes that the proximate cause of his injuries was the one-inch bump in the sidewalk between the driveway. Mr. Pici further averred that the sidewalk was improperly maintained and unsafe for use, and that the lift constituted a significant vertical height difference at the subject location. He opined "with a reasonable degree of engineering certainty that the defective sidewalk area and the 'bump' as identified by Mr. Morgan . . . constituted a dangerous tripping hazard . . . [was] visible to the owners of the property for a number of years . . . and no action was taken by the owner to have the condition addressed" (NYSCEF Doc No. 161, Mr. Pici's aff at 9 -10, ¶¶ 46 – 47). Finally, Mr. Morgan notes that Holly Street admitted to ownership of the Premises, which subjects it to a non-delegable duty to maintain its property and sidewalk in a reasonably safe condition. He insists that the proffered evidence demonstrates that Holly Street breached this duty by allowing the significant vertical height differential to exist, despite it being apparent and there being sufficient time to remedy it. Accordingly, Mr. Morgan claims he has demonstrated his prima facie case entitling him to summary judgment on the issue of liability as against Holly Street.

Holly Street rejects Mr. Morgan's position, asserting that it, not Mr. Morgan, is entitled to summary judgment. Holly Street argues that Mr. Morgan failed to demonstrate his prima facie case establishing that the alleged defect was the proximate cause of his injuries or that the alleged defect even constituted a dangerous condition. It argues that the proffered photographic evidence fails to display an actionable defect and that Mr. Morgan's

16

[* 16]

testimonies and his expert evidence fail to demonstrate that the alleged defect was the proximate cause of his injuries.

Holly Street contends that while there is no bright line rule for whether an uneven sidewalk constitutes a dangerous condition, that precedent clearly establishes that the alleged defect, the one-inch lift that existed at the Premises, constitutes a trivial defect, and therefore is not actionable. Holly Street principally relies on its engineering expert Terrence J. Fearon, P.E. Mr. Fearon provided that "the concrete sidewalk flags in the reported area of Plaintiff's accident were properly maintained . . . [and Mr. Fearon] did not detect any . . . tripping hazards due to excessive heigh differentials between adjacent sidewalk flags . . . [Mr. Fearon] did not detect any substantial defects with the sidewalk flags" (NYSCEF Doc No. 238, Mr. Fearon's Expert Report at 16-17).

Holly Street maintains that Mr. Fearon's expert report conclusively establishes that there was no actionable defect at the Premises causing Mr. Morgan's injuries. It also asserts that Mr. Morgan's expert affidavit must be rejected as Mr. Pici did not perform a site inspection, take any measurements, and his affidavit is based upon pure speculation, exclusively relying on Mr. Morgan's sworn statements that a height differential of one inch existed. Further, Holly Street contends that there is no admissible evidence establishing that Mr. Morgan confronted a height differential which constituted a dangerous condition. It urges the court to reject his self-serving affidavit which, for the first time, introduced the assertion that the Incident was caused by an uplift in the sidewalk greater than one inch. Holly Street also raises the issue of prematurity concerning Mr. Morgan's motion, asserting

17

[* 17]

that none of the defendant's depositions have occurred and accordingly, his motion is premature.

In opposition and reply, Mr. Morgan principally reasserts his positions presented in his moving papers and argues that Holly Street's cross-motion fails to raise a triable issue of fact defeating his prima facie case. He also urges the court to reject Holly Street's expert materials, asserting that they are unsupported by the record and are conclusory in nature. Additionally, Mr. Morgan contests Holly Street's arguments that his affidavit is improper. In this regard, he contends that he was never directly asked about any height differential during his deposition. Mr. Morgan also submits a supplemental expert affidavit from Mr. Pici wherein he rebuffs Mr. Fearon's observations, opining that Mr. Fearon's conclusions cannot be relied upon due to his inspection occurring 42 months after the Incident and that his findings are inconsistent with good construction practice. Finally, Mr. Morgan argues that Holly Street's assertions that his motion for summary judgment is premature must be disregarded as it fails to identify any material issues of fact a witness may testify to or any evidence within the exclusive control of another party that is not presently available. Accordingly, Mr. Morgan maintains that his motion for summary judgment on the issue of liability should be granted and Holly Street's motion denied.

Holly Street submits further reply asserting that Mr. Morgan improperly presented new evidence in his reply and that Mr. Pici's opinions fail to defeat its prima facie showing or demonstrate Mr. Morgan's entitlement to summary judgment. Accordingly, Holly

18

Street maintains that Mr. Morgan's motion must be denied and that an order granting it summary judgment be entered.

*Discussion*

On a motion for summary judgment the court's function is issue finding, not issue determination (*see Trio Asbestos Removal Corp. v Gabriel & Sciacca Certified Pub. Accountants, LLP*, 164 AD3d 864, 865 [2d Dept 2018] [internal citations omitted]). "Summary judgment is a drastic remedy not to be used if there is any doubt that a triable issue of fact exists" (*Cunningham v Gen. Elec. Credit Corp.*, 96 AD2d 502, 502 [2d Dept 1983]). "'Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination'" (*Davis v Commack Hotel, LLC*, 174 AD3d 501, 502 [2d Dept 2019] quoting *Ugarriza v Schmieder*, 46 NY2d 471, 474 [1979]). "A party moving for summary judgment must demonstrate that 'the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment' in the moving party's favor" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014], quoting CPLR 3212 [b]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once the movant sets forth a prima facie case, the burden of going forward shifts to the opponent of the motion to produce evidentiary proof in

19

[* 19]

admissible form sufficient to establish the existence of a material issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 557 [1980]). It is well established that where there is competing expert evidence submitted by adversaries, summary judgment is not appropriate and the credibility of the experts must be resolved by the trier of fact (*see generally O'Brien v Port Auth. of N.Y. & N.J.*, 29 NY3d 27 [2017]; *see also Cummings v Brooklyn Hosp. Ctr.*, 147 AD3d 902, 904 [2d Dept 2017]; *Feinberg v Feit*, 23 AD3d 517, 519 [2d Dept 2005]; *but cf. Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]).

Additionally, "CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated" (*Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2d Dept 2006] [internal citations omitted]). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2d Dept 2014] [internal quotation marks and citations omitted]). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Santiago v City of New York*, 191 AD3d 715 [2d Dept 2021] [internal quotation marks and citations omitted]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying" a motion for

20

[* 20]

summary judgment on the basis that it is premature (*Lazarre v Gragston*, 164 AD3d 574, 575 [2d Dept 2018]).

"Section 7–210 of the Administrative Code of the City of New York imposes a nondelegable duty on a property owner, exclusive of one-, two-, and three-family owner-occupied homes, to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon those property owners for injuries resulting from a violation of the code provision" (*Michalska v Coney Is. Site 1824 Houses, Inc.*, 155 AD3d 1024, 1025 [2d Dept 2017] [internal citations omitted]). The provision does not impose strict liability, rather liability will only be imputed where the injured party has demonstrated the material elements of negligence: (1) the existence of a duty on the defendant's part as to the plaintiff, (2) a breach of this duty, and (3) a resulting injury to the plaintiff (*see Nisimova v City of New York*, 145 AD3d 1023, 1023-1024 [2d Dept 2016] [internal citations omitted]). "Prior to the adoption of section 7-210, property owners in New York City had a statutory duty . . . to 'install, construct, repave, reconstruct and repair the sidewalk flags in front of or abutting such property" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519 [2008], quoting Administrative Code of City of N.Y. § 19–152 [a]). "Failure to comply with [this directive] resulted in fines or an obligation to reimburse the City for its expenses incurred in performing the necessary work, but not tort liability" (*id.* [internal citations omitted]; *see also Vrabel v City of New York*, 308 AD2d 443, 444 [2d Dept 2003] ["Administrative Code of City of N.Y. § 19–152 does not expressly impose liability for injuries resulting from a breach of the duty to maintain the public sidewalk"]).

21

[* 21]

Nevertheless Section 19-152 of the Administrative Code of the City of New York has aided the court in determining whether an alleged dangerous condition is a non-actionable trivial defect (*see generally Harakidas v City of New York*, 86 AD3d 624, 626 [2d Dept 2011]). "Property owners . . . may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855 [2d Dept 2011] [internal citations omitted]). "[I]n determining the issue of triviality one must examine all the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury" (*Sanna v Wal-Mart Stores, Inc.*, 271 AD2d 595, 595 [2d Dept 2000], citing *Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]). The Administrative Code of the City of New York § 19-152 defines "a substantial defect" as a trip hazard, where the "vertical grade differential between adjacent sidewalk flags is greater than or equal to one half inch or where a sidewalk flag contains one or more surface defects of one inch or greater in all horizontal directions and is one half inch or more in depth" (Administrative Code § 19–152 [a], [a] [4]). "Generally, whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury unless the defect is trivial as a matter of law" (*Das v Sun Wah Rest.*, 99 AD3d 752, 754 [2d Dept 2012] [internal quotation marks and citation omitted]).

Liability for a dangerous condition on a public sidewalk may also be imputed on parties other than the adjacent property owner. "[A] contractor may be liable for an

22

affirmative act of negligence that results in the creation of a dangerous condition upon a public street or sidewalk" (*Zorin v City of New York*, 137 AD3d 1116, 1117 [2d Dept 2016] [internal citations omitted]). Where there are allegations that a contractor performed work on a public sidewalk which created a dangerous condition and cause injury, to be entitled to summary judgment dismissing the action, the contractor must demonstrate that "it did not perform any work on the portion of the roadway where the accident occurred or that it did not create the allegedly defective condition that caused the plaintiff's injuries" (*Downing v J. Anthony Enterprises, Inc.*, 189 AD3d 1541, 1542 [2d Dept 2020] [internal citations omitted]).

Here, none of the moving defendants are entitled to summary judgment. Stasi Brothers' motion (mot. seq. no. 4) is premature and further discovery must occur to afford the non-moving parties sufficient opportunity to uncover relevant material information. The core position of Stasi Brothers' motion is that it did not owe a duty to Mr. Morgan as it did not perform any work at the Premises. As demonstrated by the opposition, no significant discovery has occurred regarding Stasi Brothers, particularly whether it performed any work at the Premises. Critically, no depositions of any defendants, including Stasi Brothers, have taken place. Stasi Brothers' agent, Ms. Posillico, attests that her search of Stasi Brothers' records revealed two work proposals for projects relating to paving at the Premises. Mr. Lapetina, Holly Street's President, averred that Stasi Brothers performed work at the subject location. Finally, Ms. Posillico also provided that she had a conversation with an unidentified work foreman to determine if any work was complete at

23

[* 23]

the Premises. *None of these individuals have been deposed; nor has there been* significant paper discovery concerning Holly Street and Stasi Brothers' records. Therefore, summary judgment is premature. This determination is not based on mere hope or speculation presented by Mr. Morgan or Holly Street, but rather pursuant to, and supported by, the proffered evidence presented by all the parties. Indeed, such evidence revealed proposed projects at the Premises, acceptance and completion of work *performed at the Premises,* and the revelation of an unidentified individual who allegedly has knowledge of whether work was performed by Stasi Brothers at the Premises. Therefore, further discovery must occur concerning these critical and material facts prior to determining Stasi Brothers' entitlement to accelerated judgment. Accordingly, mot. seq. no. 4 is denied with leave to renew at the close of discovery.

Turning to Mr. Morgan and Holly Street's motions for summary judgment (mot. *seq. nos. 5 and 7, respectively),* each movant proffered expert materials in support of their position. Additionally, there are no questions of fact as to whether a duty was owed to Mr. Morgan by Holly Street, as the duty is predicated upon uncontested facts (Holly Street owned the Premises) and New York City Administrative Code. Thus, unlike Stasi Brothers' motion, the circumstances and evidence proffered by both parties demonstrate *that these motions are not premature.* However, *though not premature, questions of fact* preclude the granting of either movant's summary judgment motion. The trier of fact must determine whether Holly Street breached its duty or if a dangerous condition existed at the time of the Incident.

24

[* 24]

Contrary to both parties' contentions, neither experts' submission is conclusory or unsupported by the record. Mr. Pici opines, based upon his review of photographic evidence and the sworn statements of Mr. Morgan, that a vertical height differential existed at the Premises which represented a dangerous condition that was the proximate cause to Mr. Morgan's injuries. Mr. Fearon's expert opinion similarly relied upon both photographic evidence and Mr. Morgan's sworn statements, in addition to his site inspection, allowing him to conclude that the location was properly maintained and that no condition existed that represented a danger to Mr. Morgan or the proximate cause of Mr. Morgan's injuries. Accordingly, as both parties submit competing expert evidence, the trier of fact must make the determinations as to the experts' credibility and whether a dangerous condition existed causing Mr. Morgan's injuries. Therefore, mot. seq. nos. 5 and 7 are denied.

To the extent not specifically addressed herein, the parties' remaining contentions have been considered and found to be either meritless and/or moot.

### Conclusion

Accordingly, it is hereby

**ORDERED** that mot. seq. no. 4 is denied with leave to renew upon the close of discovery; and it is further

**ORDERED** that mot. seq. no. 5 is denied; and it is further

**ORDERED** that mot. seq. no. 7 is denied; and it is further

25

[* 25]

**ORDERED** that mot. seq. no. 8 is granted to the extent that Hallen's time to answer Mr. Morgan's third amended complaint is extended to 21 days from service of this order with notice of entry, the remainder of mot. seq. no. 8 is denied in all other respects; and it is further

**ORDERED** that mot. seq. no. 10 is granted to the extent that Mr. Morgan's complaint is hereby amended and the Third Amended Verified Complaint in the proposed form annexed to the moving papers shall be deemed served upon the parties upon service of a copy of this order with a notice of entry thereof, the remainder of mot. seq. no. 10 is denied in all other respects.

This constitutes the decision and order of the court.

E N T E R,

_____

J. S. C.

26

[* 26]