Barnes v City of New York (2024 NY Slip Op 04447)

Barnes v City of New York

2024 NY Slip Op 04447

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-00924
 (Index No. 500321/18)

[*1]Anabella Barnes, respondent, 
v
City of New York, et al., defendants, John P. Picone, Inc., appellant.

Newman Myers Kreines Harris, P.C., New York, NY (Matthew D. Lavoie and Gretchen A. Becht of counsel), for appellant.
Law Office of Bryan Barenbaum, P.C., Brooklyn, NY (Huy [Tom] Le of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant John P. Picone, Inc., appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated December 14, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On July 11, 2017, the plaintiff allegedly tripped and fell on a bump within a crosswalk. The plaintiff commenced an action against the City of New York. Thereafter, the plaintiff commenced a separate action against, among others, the defendant John P. Picone, Inc. (hereinafter the defendant). Pursuant to an order dated May 23, 2022, the two actions were consolidated for all purposes and the caption was amended accordingly. In an order dated December 14, 2022, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The defendant appeals.
"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (Thomas v City of New York, 216 AD3d 1199, 1199 [internal quotation marks omitted]; see Bliss v City of New York, 162 AD3d 730, 731). "Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality" (Thompson v Nassau County, 200 AD3d 823, 825). However, "[a] contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Lewis v City of New York, 82 AD3d 1054, 1055; see Schaum v City of New York, 216 AD3d 691, 692; Downing v J. Anthony Enters., Inc., 189 AD3d 1541, 1542). Here, the evidence submitted by the defendant in support of its motion, which included the affidavit of its construction manager, failed to satisfy its prima facie burden of demonstrating that it did not perform any work in the area where the accident occurred or create the defect at issue, which may have been in existence since the early 2010s (see Downing v J. Anthony Enters., Inc., 189 AD3d at 1542; Malayeva v City of New York, 180 AD3d 888, 890). Since the defendant failed to meet its initial burden as the movant, it is unnecessary to review the sufficiency [*2]of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
In light of our determination, we need not address the plaintiff's remaining contention.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court