Carmona v Preston (2024 NY Slip Op 04757)

Carmona v Preston

2024 NY Slip Op 04757

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-07590
 (Index No. 5140/17)

[*1]Felipe Carmona, appellant, 
v
Joanne Preston, et al., defendants, M & D Landscaping and Gardening Corp., respondent.

Ami Morgenstern Attorney-at-Law, PLLC, Long Island City, NY (Marc Andrew Williams of counsel), for appellant.
Strikowsky Drachman & Shapiro PLLC, New York, NY (Sim R. Shapiro of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated July 20, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant M & D Landscaping and Gardening Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 26, 2016, the plaintiff allegedly was injured when he tripped and fell on a raised concrete block or brick covered by leaves in a certain tree well on Hoover Avenue in Queens. The plaintiff commenced this action against the defendant City of New York, among others, to recover damages for personal injuries (see Carmona v Preston, _____ AD3d _____, [Appellate Division Docket No. 2022-10436; decided herewith]). In an amended complaint, the plaintiff alleged that the defendant M & D Landscaping and Gardening Corp. (hereinafter M & D) had a contract with the City to plant trees on Hoover Avenue pursuant to a permit issued on September 19, 2016. M & D moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated July 20, 2022, the Supreme Court, among other things, granted that branch of M & D's motion. The plaintiff appeals. We affirm.
"A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition" upon a public street, sidewalk, or tree well (Lewis v City of New York, 82 AD3d 1054, 1055; see Schaum v City of New York, 216 AD3d 691, 692; Downing v J. Anthony Enters., Inc., 189 AD3d 1541, 1542). Here, M & D established, prima facie, that it did not perform any work in the subject tree well or create the alleged defect (see Arena v City of New York, 192 AD3d 737, 737; Rivera v City of New York, 171 AD3d 962, 962; Cruz v Keyspan, 120 AD3d 1290, 1291; Rubina v City of New York, 51 AD3d 761, 762). In opposition, the plaintiff failed to raise a triable issue of fact (see Garcia v City of New York, 53 AD3d 644, 644).
Contrary to the plaintiff's contention, M & D's motion was not premature. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be [*2]uncovered during the discovery process is insufficient to deny the motion" (Branach v Belvedere VIII, LLC, 189 AD3d 1532, 1533 [internal quotation marks omitted]; see Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518; Umanskaya v 4050 Nostrand Ave. Condominium, 173 AD3d 812, 813).
Accordingly, the Supreme Court properly granted that branch of M & D's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court